

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE, FLORIDA

THOMAS HEINRICH;
THOMAS HEINRICH on behalf of
his wife MARIA HEINRICH;
THOMAS HEINRICH on behalf of      CASE No.:
the Estate of THOMAS HEINRICH
      Plaintiff(s)
v.

UNITED STATES OF AMERICA;
U.S. DEPARTMENT OF COMMERCE;
U. S. BUREAU OF THE CENSUS;
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION;
U. S. OFFICE of FEDERAL OPERATIONS;
CANELLE HENRY; TERRELL JOHNSON;
TIFFANY MONROSE; WILBUR ROSS;
MEDICARE; U.S. CENTERS FOR
MEDICARE AND MEDICAID SERVICES;
INTERNAL REVENUE SERVICE;
U.S. DEPARTMENT OF THE TREASURY;
U.S. DEPARTMENT OF DEFENSE;
U.S. DEPARTMENT OF JUSTICE;
U.S. FEDERAL TRADE COMMISSION
Does of unknown number, identity and/or
capacity
      Defendants
_____/

      Comes now Plaintiff THOMAS HEINRICH, in Pro Se, and sues Defendants UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; U. S. BUREAU OF THE CENSUS; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; U. S. OFFICE of FEDERAL OPERATIONS; CANELLE HENRY; TERRELL JOHNSON;TIFFANY MONROSE; WILBUR ROSS; MEDICARE; CENTERS FOR MEDICARE AND MEDICAID SERVICES; U.S. INTERNAL REVENUE SERVICE; U.S. DEPARTMENT OF THE TREASURY; U.S. DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF JUSTICE; Does of unknown identity and/or capacity, and states:

## PARTIES

1. Plaintiff in a natural person and citizen of the United States of America residing at all times hereunder in the County of Broward, State of Florida, and is otherwise sui juris, identified as:

> THOMAS HEINRICH
> 140 Cypress Club Dr #405
> Pompano Beach FL 33060
> (954) 781-9300

2. Defendants, and each of them, are federal agencies and/or employees performing their Oath of Office and had, and have, the responsibility to professionally and timely administer and complete their tasks and responsibilities and refrain from violating their Oath, from breaking the laws, rules and policies of the United States, and were and are required to abstain from acts or omissions of misfeasance and/or malfeasance, willful misconduct or to intentionally and/or grossly negligently injure people, including Plaintiff, and doing so under the color of authority have injured THOMAS HEINRICH entitling him to relief, having no other remedy at law other than invoking due process to receive redress and relief as he is entitled under law and equity to receive.

3. In addition, taking retributive acts and omissions against THOMAS HEINRICH for having discovered and reported a violation of any law, rule or regulation, gross mismanagement, gross waste of funds, and abuse of authority is prohibited by United Sates law and intent of Congress, for which THOMAS HEINRICH is entitled to relief as well to the fullest extent permitted by law. Defendants in this suit are:

> U.S. DEPARTMENT OF COMMERCE
> 1401 Constitution Ave NW
> Washington, DC 20230
> (202) 482-2000
>
> U. S. CENSUS BUREAU
> 4600 Silver Hill Road
> Washington, DC 20233
> (800) 923-8282

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507
(800) 669-4000

U. S. OFFICE of FEDERAL OPERATIONS
Robert J. Barnhart, Director,
Compliance and Control Division
Office of Federal Operations
U.S. Equal Employment Opportunity Commission
One NOMA Station
131 M Street, NE, Suite 5SW12G
Washington, D.C. 20507-0004
(404) 724-0000

CANELLE HENRY
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

TERRELL JOHNSON
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

TIFFANY MONROSE
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

WILBUR ROSS
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

GINA RAIMONDO
c/o U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave NW
Washington, DC 20230
(202) 482-2000

        MEDICARE; U.S. CENTERS FOR MEDICARE
        AND MEDICAID SERVICES
        7500 Security Boulevard
        Baltimore, MD 21244
        (800) 633-4227

        INTERNAL REVENUE SERVICE
        1111 Constitution Avenue NW
        Washington, DC 20224
        (800) 829-1040

        U.S. DEPARTMENT OF THE TREASURY
        1500 Pennsylvania Avenue NW
        Washington, D.C. 20220
        (202) 622-2000

        U.S. DEPARTMENT OF DEFENSE
        1000 Defense Pentagon
        Washington, DC 20301
        (703) 697-1001

        U.S. DEPARTMENT OF JUSTICE
        950 Pennsylvania Avenue NW
        Washington, DC 20530-0001
        (202) 514-2000

        FEDERAL TRADE COMMISSION
        600 Pennsylvania Avenue NW
        Washington, DC 20580
        (877) 382-4357

**Jurisdiction**

4. The Defendants this action are the United States of America, agencies of the United States government, or employees of the United States government at the time the matters herein occurred or arose who were performing or were required to be performing duties, acts and/or omissions in their official capacity as employees of the United States government.

5 The issues herein are governed by and violative of the United States Code and or official Rules, Regulations, Policies, and otherwise procedures which are or have the effect of statutes, laws,

and governed by the Constitution and Congress of the United States of America.

**Statement of Claim:**

As to **INTERNAL REVENUE SERVICE; U.S. DEPARTMENT OF THE TREASURY:**

6. The United States government passed legislation in 2020 wherein THOMAS HEINRICH and MARIA HEINRICH were eligible for and entitled to payment of $600.00 each under stimulus legislation arising from the prevalence of CoVid-19.

7. Said payments were to be distributed to the Plaintiffs by the Department of the Treasury and others in the fall of 2020, or in the form of a refund processed by the Internal Revenue Service, which required the filing of tax year 2020 returns, which Plaintiff did file in February 2021, sending a second copy of same to the Internal Revenue Service in May 2021 as the Internal Revenue Service refused to provide any information to the Plaintiff(s).

8. In 2021, Plaintiff's wife MARIA HEINRICH became eligible for and started receiving Social Security retirement benefits under Plaintiff's account, however the amount of benefits that were calculated were based upon Plaintiff's benefit amount he became eligible for some 13 years prior, not upon his current benefit amount, resulting in a much smaller amount for Plaintiff's wife in monthly benefits. Plaintiff did not start drawing Social Security benefits under his own account until 2021, which amount is the proper amount that should be used to calculate the amount Plaintiff's wife should be receiving. An appeal was timely filed however was ignored and not processed or acted upon.

9. Plaintiffs have no other remedy at law to receive these payments other than by order of this court.

As to **U.S. DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF JUSTICE;** and **U.S. FEDERAL TRADE COMMISSION**

10. These agencies are required to protect the citizens of the United States, including the

Plaintiff herein, from unlawful activity, however allow a foreign call center to operate with impunity which constantly makes telephone calls to Plaintiff – sometimes a dozen or more a day – falsely stating they are Social Security or Internal Revenue law enforcement officers and an arrest warrant has issued for Plaintiff, or that they are "Card Member Services" and are the actual issuer of all credit cards in the United States who have the power to and are reducing all Plaintiff's credit cards to under 6.0% if not completely eliminating all interest on credit cards under new federal laws, or that they are Amazon confirming a charge on Plaintiff's account which had not been made, or are processing a refund to Plaintiff, or some other script, all of which are intended to elicit all banking information from the persons called.

11. Such calls are known to be taking place by all these agencies as well as the foreign government of where they are emanating from, and yet these entities are neither properly investigated, charges brought, nor prosecution and trial held, nor fines or imprisonment taking place, depriving Plaintiff and all other similarly situated persons receiving these calls their right to protection from and abatement of same, justice, redress, and freedom from unconstitutional, unlawful harassment.

12. Plaintiff has not suffered any monetary loss from these activities, however suffers from these constant calls which has been refused to be abated by these agencies and foreign government, and will continue to be subjected to these calls unless this court orders and oversees the investigation and prosecution of all parties involved in this highly organized operation conducting attempted theft by device and impersonating government employees, financial institutions, and private companies they have no authority to allege to represent.

As to **MEDICARE; U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES;**

13. Plaintiff is enrolled in Medicare and entitled to the authorization and payment for medically necessary diagnosis and treatment from medical professionals, and yet the Defendants have

failed, refused, delayed, or reduced medically necessary diagnostics and treatment to Plaintiff resulting in permanent injury, pain and suffering, and future physical impairment and pain and suffering that Plaintiff has and will continue to suffer and Plaintiff will be denied medically necessary diagnostics and treatment without the intervention and oversight of this court.

### As to **U.S. DEPARTMENT OF COMMERCE; U. S. BUREAU OF THE CENSUS; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; U. S. OFFICE of FEDERAL OPERATIONS; CANELLE HENRY; TERRELL JOHNSON;TIFFANY MONROSE; WILBUR ROSS**

14.     Plaintiff was solicited to apply for working for the U.S. DEPARTMENT OF COMMERCE in their U. S. BUREAU OF THE CENSUS in May and June 2019.

15.     The solicitation was on the basis that the government urgently needed employees to assist in conducting the 2020 Decennial Census, and that in working for U.S. DEPARTMENT OF COMMERCE in their U. S. BUREAU OF THE CENSUS, Plaintiff would not only earn money but be serving his country. The employment was to begin in a matter of weeks or no later than the first weeks of August 2019.

16.     Plaintiff did so apply on the basis of and reliance on the above, was offered a position as a Recruiting Assistant at the rate of $19.50 per hour, was put through his bio-metrics and security clearance and found to be eligible, and awaited his start date and training.

17.     Plaintiff was not informed of his actual, exact start date, and after several months of not having his telephone calls either taken nor returned, filed a formal complaint with Congress to investigate.

18.     On November 29, 2019, Plaintiff was left a voice message late that afternoon that advised Plaintiff that if he were 'still interested' in working for the Census, Plaintiff was required to be in Orlando that immediate following Monday.

19. Plaintiff went to Orlando and was put through training that week, culminating in Plaintiff having to take an additional online course and receive a Certificate on same - which Plaintiff did do and received. Plaintiff was put to work that very same evening of Saturday December 7, 2019.

20. When Plaintiff arrived at the training in Orlando, Plaintiff was to receive a secure government laptop and a secure government email account - both of which were necessary for Plaintiff to perform his work as was set forth for him to do.

21. All other attendees at the Orlando training received their assigned secure government laptop and their secure government email account, however Plaintiff did not. Plaintiff was provided a 'spare laptop' but left the training in Orlando with no email account - which account was not provided to him until the morning of Thursday, December 12, 2019 approximately one hour prior to his termination as an employee of the Department of Commerce.

22. Shortly after being provided his working government email account, Plaintiff was then informed that the Recruiting Assistants job description and duties had been dramatically and materially revised by the Department of Commerce just since Plaintiff had received his training in both Orlando as well as online the immediately previous Saturday, and that Recruiting Assistants now were no longer allowed to do any follow through with those they signed up to apply for working for the Census or with others who expressed interest in working for the Census, as well as with potential locations they were to seek out and obtain for future training locations of those recruited, and Plaintiff was told he was being terminated for not having followed the "new rules" the previous work day, December 11, 2019.

22. Plaintiff has since learned that no such changes were ever made by the Department of Commerce or Census Bureau, and that those representations were outright lies.

23. Plaintiff filed a complaint during which he was counseled and he requested reinstatement at another office, but was refused continued employment with the federal government in

any capacity.

24.     Plaintiff had an exhaustive investigation into the circumstances of his firing, and the results are entered as Exhibits herein by reference as if fully set forth hereat.

25.     The presiding Chief Hearing Officer of the EEOC in Miami held a preliminary conference between Plaintiff and the Department of Commerce during which the hearing officer ordered and allowed Plaintiff and the Department if Commerce three weeks to work out a resolution amicable to both. Tiffany Monrose was assigned by the Department if Commerce as the attorney representing the Department if Commerce.

26.     Plaintiff then contacted Tiffany Monrose who told Plaintiff the Department of Commerce had no intention of resolving the matter and that after she consulted with several other attorneys and supervisors that a decision had been made that the Department of Commerce was preparing a criminal complaint and referral to the Miami U.S. Attorney requesting Plaintiff be criminally prosecuted 'for defrauding the federal government by applying with and going to work for the federal government' on the basis that Terrell Johnson made a sworn representation that Plaintiff had allegedly told Terrell Johnson Plaintiff had done no work whatsoever for the Department of Commerce. Such statement by Terrell Johnson was patently false and was known to be false when Terrell Johnson uttered it, as Plaintiff had in fact performed work in an exemplary manner and Plaintiff's hours had been authorized, approved, and paid by the Department of Commerce. Plaintiff at no time made any such statement. Tiffany Monrose's threat she uttered to Plaintiff that Plaintiff was going to be criminally prosecuted by the Department of Commerce was likewise untrue, as no such referral was ever made to the United States Attorney or if it was, such complaint was knowingly false at the time it was made and was a serious federal crime to have filed same with the U.S. Attorney.

27.     Terrell Johnson made knowingly false statements of fact on two occasions, the second of which resulted in the Department of Commerce violating the EEOC's Chief Hearing Officer's Order

9

and resulted in no settlement being reached and no willingness of the Department of Commerce to comply with the Hearing Officer or to discuss the matter further, and resulted in permanent disqualification of Plaintiff from future employment with either the federal government or with any contractor of the federal government. Plaintiff possess numerous skills of value to the federal government, and such situation is material.

28. Both Terrell Johnson's and Tiffany Monrose's conduct violated the laws of the United States, intentionally so, were shockingly unconscionable, mean-spirited, malicious, and violated 18 U.S. Code § 1001 and/or 18 U.S. Code § 2 and/or 18 U.S. Code § 3, the intent of Congress and renders Terrell Johnson and Tiffany Monrose to be Aiders, Abettors, Accessories, and same invokes liability to Plaintiff.

29. It became known to Plaintiff that Canelle Henry, Plaintiff's assigned supervisor, had in fact requested Terrell Johnson terminate Plaintiff as a favor to her, and together they concocted a knowingly false representation that Plaintiff's and all other Recruiting Assistant's job description and duties had dramatically materially changed since Plaintiff had finished his training just days before. No such change in job description and/or duties had ever occurred, their representation was a 100% fabrication, as was Tiffany Monrose's representation that Plaintiff was going to be criminally prosecuted for having gone to work for the United States government.

30. The action taken by the United States of America to terminate Plaintiff and to intentionally render Plaintiff ineligible for future employment with the United States is abhorrent, outrageous, shockingly unconscionable, as was the failure to have been placed Plaintiff into service prior to December 2019 and his not been given the materially necessary tools to perform his job as all other employees had been provided.

31. No statement was ever made to Plaintiff - and Plaintiff is not aware at this time of any

statement made by any government employee to any other government employee - that Plaintiff was to be terminated or was terminated and rendered ineligible for federal government, both in the present and in the future, because of his being in his 70's, white, male, of German ancestry, having Attention Deficit and Hyperactivity Disorder, or/and in retaliation for his complaining to Congress that the Census was not being professionally carried out - or at least by the Atlanta Region under which Plaintiff worked, however Plaintiff believes that some, or all, are either the sole or contributing factors of his not being placed into service sooner than December 2019 and then terminated after only four days of actual work, and that had he been no older than his 40's or 50's and been of minority race or ethnicity that he would have been placed into service sooner, he would have been given all the tools that all other Recruiting Assistants had been given, and he would not have been set up to be terminated and terminated almost immediately after finally been put through training and put to work. Further, the Department of Commerce offered inadequate supervision and absolutely no opportunity to allow Plaintiff to demonstrate his substantial abilities and professionalism once the Department of Commerce finally allowed Plaintiff use of his own email account, and failed to follow protocol in the retaining or re-assigning qualified personnel in the service of the United States.

32. By taking the course it did in the handling of Plaintiff's employment, the Department of Commerce committed fraud, waste, and abuse on the taxpayers of the United States. Plaintiff is entitled to all recovery to the fullest extent provided by law.

33. Section 2302(b) of Title 5 of the United States Code, sets forth any employee who has authority to take, direct others to take, recommend or approve personnel actions may not:

- Discriminate on the basis of race, color, religion, sex, national origin, age, disability, marital status, or political affiliation;

- Solicit or consider employment recommendations based on factors other than personal knowledge or records of job related abilities or characteristics;

- Coerce an employee's political activity or take action against any employee as reprisal for refusing to engage in political activity;

- Deceive or willfully obstruct a person's right to compete for employment;

- Influence any person to withdraw from competition for a position to improve or injure the employment prospects of any other person;

- Give unauthorized preference or advantage to any person to improve or injure the employment prospects of any particular employee or applicant;

- Engage in nepotism;

- Retaliate against an employee or an applicant because of an individual's legal disclosure of information evidencing wrongdoing ("whistleblowing");

- Retaliate against an employee or applicant for exercising an appeal, complaint or grievance right;

- testifying or assisting another in exercising such a right, cooperating with an Inspector General or the Special Counsel, or refusing to obey an order that would break a law;

- Discriminate against an employee based on conduct which is not adverse to on-the-job performance of the employee, applicant, or others. The Office of Personnel Management (OPM) has interpreted the prohibition of discrimination based on "conduct" to include discrimination based on sexual orientation. See *Addressing Sexual Orientation Discrimination in Federal Civilian Employment*;

- Violate any law, rule, or regulation which implements or directly concerns the merit principles.

34. Plaintiff further alleges violations occurred of the following:

- Title VII of the Civil Rights Act of 1964. Title VII of the Civil Rights Act, amended;

- Age Discrimination in Employment Act of 1967. The Age Discrimination in Employment Act (ADEA), as amended;

- Rehabilitation Act of 1973. Sections 501 and 505 of the Rehabilitation Act, as amended;

- The Civil Rights Act of 1991. The Civil Rights Act of 1991 amends several sections of Title VII to strengthen and improve Federal civil rights laws and provide for the recovery of compensatory damages in Federal sector cases of intentional employment discrimination

- Americans with Disabilities Act;

12

- Americans with Disabilities Act Amendments Act of 2008 (ADAAA);

- Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002;

- Public Law 107-174 (the No FEAR Act} One purpose of the act is to hold federal agencies accountable for violations of antidiscrimination and related whistleblower protection laws, rules and regulations.

WHEREFORE, Plaintiff prays for judgment as follows:

### As to **INTERNAL REVENUE SERVICE; U.S. DEPARTMENT OF THE TREASURY**

- That same be ordered to issue payment to THOMAS HEINRICH in the amount of $600.00;

- That same be ordered to issue payment to MARIA HEINRICH in the amount of $600.00;

- That same be ordered to process THOMAS HEINRICH and MARIA HEINRICH'S 2020 federal tax return and deduct the amount of $244.00 found to be owing in tax year 2020 from the above payments;

- That same be ordered to pay Social Security retirement benefits to Maria Heinrich in the amount based upon the amount THOMAS HEINRICH was eligible for and commenced receiving and drawing under in calendar year 2021, and to pay the difference for all previous months that MARIA HEINRICH received the lower amount;

### As to **U.S. DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF JUSTICE;** and **U.S. FEDERAL TRADE COMMISSION**

- That same be ordered to investigate the origin of the calls referenced by Plaintiff herein and identify the perpetrators and location of same, the electronic telecommunications carriers transmitting – including the original and terminating carrier(s) said calls, and the governmental bodies in which same have taken place, originated from, transmitted through including the country, region and all jurisdiction(s) of same, and;

- Provide same to Plaintiff and this court, and same be ordered to present a report to this court as to when complaints have been filed against the perpetrators and governmental bodies under whose jurisdiction the perpetrators reside and/or conducting business and in which these calls have originated from, and;

- Compel same to issue formal complaints, arrest warrants, prosecution of and/or extradition of the perpetrators to deliver said perpetrators into the custody of the United States of America, and;

- Issue injunctions against all perpetrators, telephone carriers which are and have been used in said calls, and;

- File complaints with INTERPOL, as well as in the World Court as well as United States District Courts to compel the enjoining of all further solicitation calls and to compel the governmental bodies in which same have taken place or been transmitted through including the country, region and various jurisdiction(s) of same, to commence criminal and civil prosecution of the perpetrators, and;

- Issue court orders preventing any and all further solicitation calls from entering the United States or any of it's territories.

### As to **MEDICARE; U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES;**

- Issue an order compelling said defendants to authorize, approve, and pay for - according to current schedules - all diagnosis and treatment of THOMAS HEINRICH as licensed physicians and health care providers determine to be medically necessary services, procedures, devices, and care, regardless of the cause of the necessity for same, including but not limited to treatment of his sleep apnea with a current medical device as prescribed, guaranteed by the manufacturer, capable of transmitting monitoring reports directly to attending physicians, and full treatment for the spinal and nerve impairment that is restricting THOMAS HEINRICH from moving freely and be free of pain, and

- Order U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES to do a take-back from Lincare for false billings and payments made to same for which Lincare provided no service(s) or equipment.

### As to **U.S. DEPARTMENT OF COMMERCE; U. S. BUREAU OF THE CENSUS; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; U. S. OFFICE of FEDERAL OPERATIONS; CANELLE HENRY; TERRELL JOHNSON;TIFFANY MONROSE; WILBUR ROSS**

Issue Declarations, Findings, Conclusions, Opinions and Specific Determinations that:

- the agencies and individuals named failed to demonstrate that it/they took sufficient action to prevent or to remedy the harm to Plaintiff and to the United States government/taxpayers;

- to abate, correct, and avoid all such similar acts and omissions in the future;

- issue judgment to fully compensate Plaintiff for the abuse, direct and indirect financial losses, for the harassment and great emotional suffering and stress Plaintiff suffered at the hands of the government and it's employees, and that the agency(ies) be ordered to pay Plaintiff both compensatory damages as well as any and all special and statutory damages provided by law plus all legal expenses incurred including reasonable attorney, paralegal fees, costs and expenses of preparation and trial of this matter and all subsequent appeals, together with pre and post judgment interest in the maximum amount provided by law.

In addition, Plaintiff requests specific findings that Plaintiff :

- was subjected to a hostile work environment by the agency and individuals named

- that he was not provided a reasonable and timely start date for training and commencement of work

- that he was not provided Reasonable Accommodation

- that he was not provided the tools to properly fulfill his job

-that he was not provided a reasonable chance to demonstrate his value to the government

- that he was defamed by allegations that he broke rules, duties and job description when those rules, duties and job description were never changed as was fraudulently stated and represented to Plaintiff

- that he was defamed by allegations that he had said he never did any work for the Census when he in fact never made and such a statement and such statement was knowingly fallse when it was uttered as Plaintiff had, in fact, performed duties and had performed them professionally and according to his job description for the short time he was employed prior to his termination

- that he was knowingly subjected to great emotional distress, intimidation, unreasonable pressure to drop his appeal and claims. And intentional duress when Tiffany Monrose represented the United States Attorney and Department of Commerce was going to criminally prosecute Plaintiff

- was subjected to discrimination when his temporary appointment to the position of Recruiting Assistant was terminated, the ciommencement of his actual start of work was unreasonably delayed

- was given no chance to be re-instated back into the position he was hired for or any other position

- was permanently bannede from ever again being employed by the federal government or any contractor with the federal government

- issue a finding that Plantiif was and should have been provided findings by the EEOC, provided representation by the EEOC, and all post EEOC dismissal complaints and appeas should heve been acted upon by the givernment

- issue a finding that Plaintiff did not rest on his rights and Constitutionally he was entitled to be fully represented by and case brought by the EEOC

- issue a finding that Plaintiff did not receive due process as is affording him by the Constitution and Codes, Rules, Regulations, and intent of Congress

- issue a finding that the Department of Commerce engaged in a clear and ongoing pattern of using material, ongoing. And shockingly unconscionable abuses and deviations from well established protocols and process in an attempt to keep and assure that Plaintiff would not, could not be privy to the inner workings, misfeasance and/or malfeasance in the conducting of its; Census operations

- issue a finding that the Department of Commerce engaged in a clear pattern of using discrimination to keep Plaintiff from working for the federal government or ever working for the federal government again

- issue a finding that Plaintiff was not fired for lack of work,

- issue a finding that Plaintiff was not fired for any lack of ability,

- issue a finding that Plaintiff was not fired for any lack of readiness, lack of ability or lack willingness to do the work.

- issue a finding that Plaintiff was was not written up, counseled, accommodated, adequately supervised or furnished the tools needed to fully and properly perform his duties as the other Recruiting Assistants had been.

Plaintiff further requests the court issue opinion on the Consitutionality of the dismissal of Plaintiffs EEOC complaint and terminating the hearing process for untimelines on the grounds that the 20 days provided Plaintiff and 180 days provided the government are unconstitutionally disparate and unequal, rending them inequitable and denying Plaintiff redress and due process and unjustly protecting the government by denying Plaintiff equal protection, the adjudicatory process, and determinations on the merits.

Plaintiff further states that after the EEOC dismissed his complaint on the grounds of untimeliness, Plaintiff then filed appeals and further complaints which, upon being filed. required the government to address and process same but the government has refused any and all further action(s) whatsoever regarding the Plaintiff, which Plaintiff is entitled to under law, and Plaintiff requests this court order the government to process same and issue appropriate responses, or in the alternative to order the government to show cause why this court should not issue monetary sanctions against the government and award them to Plaintiff should the government fail to show good and justifiable cause existed/exists for their lack of performance or timeliness – applying the same bright line deadline that Plaintiff had imposed on him.

Plaintiff presents federal questions and demands specific findings, conclusions, opinions of Constitutional interpretation, declarations, injunctive relief, damages, and reinstatement of eligibility to

serve as an employee or contractor with any and all agencies and political subdivisions and/or contractors of the government of the United States of America.

Plaintiff requests the amount of income he would have received from the time of termination until the time that all other Recruiting Assistants employment was terminated.

As to all matters Plaintiff requests such other relief as the court and jury deem proper and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: May 27, 2021

Respectfully submitted,

*/s/ Thomas Heinrich*
THOMAS HEINRICH
Plaintiff, in Pro Se
140 Cypress Club Dr. #405
Pompano Beach FL 33060
(954) 781-9300
reachth@yahoo.com